# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR TREVINO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　Respondent. | Case No. 1:24-cv-00038-SAB-HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Eastern District of Washington. (ECF No. 1 at 1.[1]) On January 8, 2024, Petitioner filed the instant petition for writ of habeas corpus. Therein, Petitioner alleges that the government and defense agreed that time spent in custody on a related state charge would be credited against the federal sentence and that a plea agreement was entered contingent on concurrent sentencing. However, the state sentence had already been served by the time the federal sentence was imposed and therefore could not run concurrently with the state sentence. (Id. at 6.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1 custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d
2 at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this
3 Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in
4 the United States District Court for the Eastern District of Washington as the sentencing court.

5       A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner
6 "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at
7 presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth
8 Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the
9 standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998).
10 Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual
11 innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not
12 that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks
13 and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal
14 insufficiency." Id. "In determining whether a petitioner had an unobstructed procedural shot to
15 pursue his claim, we ask whether petitioner's claim 'did not become available' until after a
16 federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's
17 claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and
18 (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255
19 motion." Harrison, 519 F.3d at 960 (citations omitted)).

20       Here, Petitioner challenges the sentence imposed and requests a "[r]emand . . . for a
21 corrected sentence in line with the agreement of the parties and the intent of the sentencing
22 judge." (ECF No. 1 at 7.) Petitioner does not make a claim of actual innocence, which requires
23 Petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no
24 reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks
25 and citation omitted). Moreover, Petitioner has not established that he has not had an
26 unobstructed procedural shot at presenting his claim previously because "a *change* in the law
27 create[ed] a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961
28 (citing Ivy, 328 F.3d at 1060).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 25, 2024**

UNITED STATES MAGISTRATE JUDGE

4